IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL GORRIO,** | : | |
| Petitioner | : | |
| | : | No. 1:22-cv-00703 |
| v. | : | |
| | : | (Judge Kane) |
| **DAUPHIN COUNTY PRISON,** | : | |
| Respondent | : | |

## MEMORANDUM

<u>Pro se</u> Petitioner Michael Gorrio ("Petitioner"), who is currently incarcerated at Dauphin County Prison ("DCP"), has petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that his incarceration at DCP violated his constitutional rights. (Doc. No. 1.) As for relief, he requests that the Court schedule an evidentiary hearing and/or order his immediate release from administrative segregation and return him to the general population within the prison.[1] (<u>Id.</u>) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. § 2254, which is applicable to § 2241 petitions under Rule 1(b), the Court has given his petition preliminary consideration. For the reasons set forth below, the Court finds that Petitioner's claims have not been properly brought in a habeas corpus petition. Thus, the Court will dismiss the instant petition for lack of jurisdiction. This dismissal is without prejudice to Petitioner's right to pursue a civil rights action.

---

[1] On August 3, 2022, Petitioner notified the Court of his change of address. (Doc. No. 9.) Petitioner is now incarcerated at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI Camp Hill"). (<u>Id.</u>) This recent development will be addressed more fully below.

I.    BACKGROUND

On May 12, 2022, Petitioner commenced the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, naming DCP as the sole Respondent. (Doc. No. 1.) Petitioner alleges that, on September 8, 2021, he was placed in administrative segregation at DCP pursuant to a disciplinary report that charged him with "fighting." (Id. at 9 ¶ 3.) Petitioner has attached this report to his petition. (Id. at 13.) This report reflects that Petitioner was found "[g]uilty" of fighting and that, as a result, he received a thirty (30) day sanction of "lock in." (Id.) This report also reflects that Petitioner's release from administrative segregation was set for October 17, 2021. (Id.)

Petitioner alleges, however, that he was held in administrative segregation for a period of ninety-three (93) days without having had a disciplinary hearing and without having received an explanation for such extended confinement. (Id. at 10 ¶ 4.) In support, he seems to allege that, on December 10, 2021, he appeared for a disciplinary hearing, at which he pled not guilty, but that the hearing did not occur, or occurred in his absence, as he never received any documentation of the outcome of the hearing or the sanction that was imposed as a result thereof. (Id. at 11 ¶ 5.)

In addition, Petitioner alleges that, during the time period in which he was confined to administrative segregation in DCP, he was physically and sexually assaulted by correctional officers "in the course of" a strip search. (Id. at 9-10 ¶ 3.) He also alleges that he was "dragged" from "Q-6" to the "P-3 Unit[,]" and that all of his legal and personal property were destroyed. (Id. at 10 ¶ 3.) He asserts that the destruction of his property has impeded his efforts to litigate his "RICO" and "criminal action writ of habeas corpus" matters. (Id.) Petitioner also asserts

that, even though he pursued the administrative remedy process at DCP, prison officials "stopped responding" to his requests. (Id.)

In connection with all of these allegations, Petitioner claims that DCP has violated the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. (Id. at 12 ¶ 6.) As for relief, Petitioner requests that the Court schedule an evidentiary hearing and/or order his immediate release from administrative segregation and return him to the general population in the prison. (Id. at 12.)

Following some initial administrative matters (Doc. Nos. 2, 3, 5), the Court received Plaintiff's certified motion for leave to proceed in forma pauperis (Doc. No. 6) and his certified prisoner trust fund account statement (Doc. No. 8). The Court, having reviewed both his motion and trust fund account statement, will grant him leave to proceed in forma pauperis and will deem his petition filed. In accordance with the legal standard set forth below, however, the Court will dismiss his petition for lack of jurisdiction.

## II.     LEGAL STANDARD

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254. Rule 4, which is applicable to § 2241 petitions under Rule 1(b), provides in pertinent part as follows: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See Rule 4, 28 U.S.C. § 2254; Rule 1, 28 U.S.C. § 2254 (stating that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)[,]" i.e., § 2254 petitions).

### III.  DISCUSSION

Federal law provides two (2) main avenues of relief for complaints related to incarceration: petitions for a writ of habeas corpus and civil rights complaints.  See Muhammad v. Close, 540 U.S. 749, 750 (2004).  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," whereas, "requests for relief turning on circumstances of confinement" are the province of a civil rights action.  See id. (internal citation omitted).  Thus, whenever the petitioner's "challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—[the challenge] must be brought by way of a habeas corpus petition."  See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).  Conversely, whenever the petitioner's "challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights action] is appropriate."  See id.

In the instant matter, Petitioner's claims concern his disciplinary proceedings, the alleged physical and sexual assault committed by correctional officers, and the alleged destruction of his property.  As such, the Court finds that his claims do not sound in habeas.  Indeed, as discussed above, a petition for a writ of habeas corpus is, essentially, a vehicle to challenge the very fact or duration of confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Here, however, Petitioner's claims neither challenge any sort of conviction or sentence.  Instead, they challenge the circumstances of his then-confinement at DCP.  Therefore, because a ruling in Petitioner's favor "would not alter his sentence or undo his conviction," the Court concludes that he is not permitted to proceed in habeas.  See Leamer, 288 F.3d at 542.

Additionally, and as noted above, Petitioner informed the Court on August 3, 2022, that he has been transferred to SCI Camp Hill.  (Doc. No. 9.)  Article III of the United States

4

Constitution provides, however, that "[j]udicial [p]ower shall extend to . . . [c]ases . . . [and] to [c]ontroversies[.]" See U.S. Const. Art. III, § 2. Federal courts are restricted, therefore, to adjudicating "actual, ongoing cases or controversies." See Khodara Envtl., Inc. v. Beckman, 237 F.3d 186, 193 (3d Cir. 2001). Thus, "[if] developments occur during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996); Keitel v. Mazurkiewicz, 729 F.3d 278, 280 (3d Cir. 2013) (citing Blanciak for the same proposition).

In the instant matter, a development has plainly occurred as Petitioner has been transferred from DCP to SCI Camp Hill. Thus, because Petitioner is no longer incarcerated at DCP, the Court cannot grant him the relief that he seeks in his petition. (Doc. No. 1 at 7, 12 (requesting that the Court conduct an evidentiary hearing "and/or" immediately release him from administrative segregation at DCP and return him to general population).)

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" See id. A COA may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (stating that, "[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right . . ."). Thus, because reasonable jurists could not disagree with the resolution of the instant petition, the Court finds that there is no basis for the issuance of a COA. Consequently, the Court will not issue one.

V.   CONCLUSION

To conclude, the Court has given Petitioner's 28 U.S.C. § 2241 petition preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which is applicable to § 2241 petitions under Rule 1(b), and that review reveals that Petitioner's § 2241 petition is subject to dismissal. Accordingly, the Court will dismiss his petition for lack of jurisdiction. This dismissal is without prejudice to Petitioner's right to pursue a civil rights action.